## Borough of Latrobe, Appellant, *v.* Paul B. Sweeney, Appellee.

Argued November 8, 1974, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Robert P. Lightcap,* with him *Lightcap, McDonald & Moore,* for appellant.

*William C. Stillwagon,* for appellee.

OPINION BY JUDGE BLATT, February 10, 1975:

This is a zoning appeal from the decision of the Court of Common Pleas of Westmoreland County reversing the order of the Latrobe Borough Zoning Board of Adjust-

ment (Board) denying a use variance to Dr. Paul B. Sweeney (Sweeney).

The lower court took the case on an agreed set of facts which revealed that on April 23, 1970, Sweeney, a dentist, and the appellee herein, purchased two lots in an R-2 Residential Zone of the Borough of Latrobe. He planned to build thereon his family residence, with a dental office as a permitted accessory use, and he obtained a building permit for construction with use restricted such that the dental office could not be operated unless Sweeney personally took residence in the building. Upon completion of the office and first floor of the residence in June of 1971, Sweeney began using the dental office but failed to take up residence. Instead, the living quarters were rented to one of his dental assistants. Sweeney was, therefore, ordered by the zoning officer to take immediate occupancy. He, however, having been unable to finance the completion of the second floor of the residential part of the building and thus having been unable to persuade his family to occupy the completed first floor, applied to the Board for a variance to permit him to rent the living quarters of the building temporarily while maintaining his dental office there as before. The Board denied the variance on the grounds that the above personal and economic reasons were insufficient to establish the necessary hardship.

On appeal, the court below reviewed the extensive stipulation of facts and reversed the Board's denial of the variance. The Borough of Latrobe then followed with an appeal to this Court.

In a zoning case where the court below takes no evidence, as was true here, but reaches a conclusion on an agreed set of facts, our scope of review is limited to a determination of whether the lower court abused its discretion or committed an error of law. *Cf. Camp Hill Development Co., Inc. v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974).

In a case such as this, an applicant for a variance from a zoning ordinance must sustain a heavy burden of proving that the present zoning classification will result in unnecessary hardship unique to his property and that the variance requested would not adversely affect public health, safety and welfare. *Commissioners of Plymouth Township v. Wannop,* 13 Pa. Commonwealth Ct. 237, 320 A.2d 455 (1974). Here, Sweeney clearly did not sustain his burden and we, therefore, must reverse the court below and affirm the Board's denial.

From the evidence as adduced at hearings before the Board and under facts as stipulated, the only hardship established here is the personal hardship of Sweeney who was neither able to persuade his family to move into the partially constructed dwelling nor able to finance its completion. It is well established, however, that personal and economic considerations are not sufficient grounds upon which to base the grant of a variance. *Bamash v. Zoning Board of Adjustment,* 11 Pa. Commonwealth Ct. 420, 313 A.2d 370 (1974). *Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 298 A.2d 629 (1972). It is the property that must be subject to the hardship and not the person. *Szmigiel, supra.* And this property suffers no hardship. It is clear rather that this property is entirely suited for the purpose for which it was zoned. Indeed the property was being used in conformity with zoning restrictions in all respects save that of the identity of the residents. In deciding to reverse the Board, the court below apparently granted the variance because heavy commercial development already present in the vicinity of the subject property revealed that a variance here would not subvert the comprehensive zoning plans for the area generally. These properties, however, four of which were granted expansion variances, existed as non-conforming uses prior to the R-1 zoning enactment and would not be otherwise permitted under the current zoning scheme. Consequently,

while the presence of other commercial establishments may well bear on the effect that an additional variance might have on the public health, safety and welfare of this neighborhood they bear no relationship to the threshold question of hardship. Moreover, inasmuch as the applicant's property clearly could be used in conformity with the zoning requirements, hardship is not established under the principles of *Filanowski v. Zoning Board of Adjustment*, 439 Pa. 360, 266 A.2d 670 (1970), and *McKay v. Board of Adjustment*, 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973) where variances were granted because surrounding commercial development had virtually precluded a use in conformity with the applicable zoning restrictions.

The order of the court below is, therefore, reversed and the variance is denied.