The Township of West Deer, Appellant, *v.* Robert H. Bowman and Frank Heck, Jr., Appellees.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*John H. Bingler, Jr.,* with him *Thorp, Reed & Armstrong,* for appellant.

*Frank P. Paz,* for appellee.

OPINION BY JUDGE ROGERS, March 7, 1975:

The appellant, the Township of West Deer, Allegheny County, adopted a zoning ordinance in 1966 by which a property owned by the appellee, Frank Heck, Jr., and

occupied as a residence by the family of Heck's son-in-law, the appellee, Robert H. Bowman, was placed in a zoning district in which only residential uses were permitted.

In 1968, Bowman made improvements to a shed on the property, in which he first went into the business of repairing motorized lawn equipment and later took on for sale from the premises minibikes, chain saws and lawn equipment. Bowman seems to have demonstrated the mini-bikes on his own property and that of neighbors.

In 1971 the township authorities, seemingly at the instance of complaining neighbors, notified Bowman that he was in violation of the zoning ordinance. Heck and Bowman applied for a variance to carry on all of the activities above described. This was refused by the zoning officials of the township and on appeal by the Zoning Hearing Board. Heck and Bowman appealed to the Allegheny County Common Pleas Court, which after a trial de novo, granted a variance for the conduct of the business of repairing lawn mowers and farm machinery but denied a variance for the distribution, sale or repair of motorcycles or mini-bikes. The township has appealed.

No constitutional issue is presented. The appellees' case for a variance depended on evidence that the township and their neighbors did not object when Bowman converted the shed to his commercial activities or until he went into the mini-bike business; that there are other nonconforming commercial businesses in the vicinity;[1] that the neighborhood would not be harmed by Bowman's activities; and that it would be beneficial to Bowman to continue in business. A real estate agent who testified for the appellees at the hearing below declared that the Bowman sales and service facility is neat and, in his opinion, not detrimental to other properties in the area. This expert did not testify that the property was not physically adapted for continued exclusively residential

---

1. The record demonstrates that these are lawful nonconforming uses.

use or that the characteristics of the neighborhood were such that the property was unmarketable for residential use.

Bowman's employment of the property for his commercial enterprise was an unlawful nonconforming use. The appellees' evidence did not establish the unnecessary hardship requisite as the foundation for a variance. Unnecessary hardship is not demonstrated by a showing that it would be beneficial to the applicant for the variance to be relieved of zoning restrictions. A variance may not be granted without proof that the zoning regulations affect the property sought to be relieved uniquely or peculiarly—that is, that the impact of the restrictions upon the property in question is different from their impact on other properties in the district. Mere economic hardship visited by zoning equally upon the property of the applicant and others similarly situated will not support a variance. See *Crafton Borough Appeal,* 409 Pa. 82, 185 A.2d 533 (1962) ; *Chrysler Motors Corporation v. Zoning Board of Adjustment,* 13 Pa. Commonwealth Ct. 363, 319 A.2d 429 (1974).

Hence, the court below committed an error of law in granting any relief on this record and we accordingly reverse its order.