John R. Hager and J. J. Bentman *v.* Zoning Hearing Board of Manheim Township; Sarah McIlvaine Muench *v.* The Manheim Township Zoning Hearing Board. Samuel Caterbone, Appellant.

Argued December 5, 1975, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*John Mongiovi,* with him *Xakellis, Perezous, & Mongiovi,* for appellant.

*James W. Appel,* with him *Roberts R. Appel* and *Appel, Herr & Appel,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., February 17, 1976:

Samuel Caterbone (Appellant) appeals an order of the Court of Common Pleas which reversed the Manheim Township Zoning Hearing Board (Board) and denied

his motion to quash the appeal by John R. Hager, J. J. Bentman, and Sarah McIlvaine Muench (Appellees), from the Board's decision. The Board had granted a variance to permit off-street parking of Appellant's commercial refuse truck.

Appellant, who is a commercial waste hauling operator, owns two tracts of land in Manheim Township situate in an area zoned R-200, Single-Family Residential-Agricultural. Appellant maintains his residence on one of the tracts and leases a nearby tract to residential tenants. On September 3, 1974, Appellant sought a variance permitting him to park his commercial refuse truck on one of his residential properties. Appellees, one of whom owned adjacent property, appeared at the hearing and opposed the variance.

Although no written appearance was filed, Appellees were represented by counsel. The minutes of the hearing cite Appellees' names and addresses in addition to their counsel's name under the heading "Attorney for Opposition."

On September 12, 1974 the Board, without making written findings of fact or conclusions of law, granted the variance. Appellees appealed to the court below whereupon Appellant moved to quash the appeal. The court below reversed the Board and revoked the variance. Hence, this appeal.

Two issues are before us for resolution. First, whether Appellees should have appealed to the Board before appealing to the Court of Common Pleas. Second, whether the Board erred in granting the variance.

Turning to the first issue, we cite the pertinent statutory law:

Section 1006 of the Pennsylvania Municipalities Planning Code[1] (MPC), 53 P.S. §11006, provides:

"(b) Appeals to court from any decision of the zoning hearing board may be taken by any *party*

---

1. Act of July 31, 1968, P.L. 805, *as amended.*

aggrieved by appeal filed within thirty days after notice of the decision is issued." (Emphasis added.) Section 1007 of the MPC, 53 P.S. §11007, provides:

"*Persons* aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order . . . of any officer or agency of the municipality which has permitted the same, . . . shall *first submit their objections to the zoning hearing board. . . .*" (Emphasis added.)

Section 908(3) of the MPC, 53 P.S. §10908(3), specifies who are "parties" at hearings before the zoning board:

"The parties to the hearing shall be the municipality, any *person affected* by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose." (Emphasis added.)

Appellant urges that Appellees were "persons aggrieved" and not "parties" and therefore they should have appealed the grant of the variance first to the Board and then to the Court of Common Pleas. We disagree.

As to the pertinent factual history of the controversy, we have no difficulty in declaring each of Appellees here to be a "person affected". *See Ryan, Pennsylvania Zoning Law & Practice,* §9.4.2 (1970). We therefore agree with the court below that Appellees were "parties" within the meaning of Section 908(3) of the MPC, 53 P.S. §10908(3). Accordingly, they were authorized by Section 1006 of the MPC, 53 P.S. §11006, to appeal the Board's action directly to the court below.

Turning now to the merits of the appeal, we look to Section 837 of the Zoning Ordinance of Manheim Township (Ordinance), which provides:

"All off-street parking areas shall be reserved and used for automobile parking only. . . . The parking of one (1) commercial vehicle up to one (1) ton is permitted if needed by an individual for his livelihood for a business not conducted on the premises; . . ."

Appellant decided to seek a variance because his commercial refuse truck weighs more than one (1) ton.

Section 912 of the MPC, 53 P.S. §10912, provides that variances may be granted where the provisions of a zoning ordinance inflict *unnecessary hardship* upon the applicant and where the Board makes findings, where relevant, as to the following: that the unnecessary hardship is due to unique physical characteristics of the property rather than to conditions generally created by the zoning ordinance; that the unique physical characteristics or conditions preclude development of the property in strict conformity with the zoning ordinance, thereby making a variance necessary in order to enable the reasonable use of the property; that the unnecessary hardship has not been created by the applicant; that the variance would not alter the essential character of the neighborhood, or be detrimental to the public welfare; and that the variance sought would be the minimum necessary to afford relief.

Section 1080.2 of the Ordinance prescribes similar requirements for the granting of a variance.

Thus, a variance may be granted only when the applicant sustains the heavy burden of proving the existence of unnecessary hardship unique to the property and the absence of an adverse effect on the public health, safety or general welfare if the variance should be granted. *Borough of Baldwin v. Bench,* 11 Pa. Commonwealth Ct. 410, 315 A.2d 911 (1974).

It is well settled that mere personal or economic hardships are insufficient to warrant the granting of a variance. *Township of West Deer v. Bowman,* 17 Pa. Commonwealth Ct. 579, 333 A.2d 792 (1975) ; *The Boulevard*

*Land Corp. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 584, 303 A.2d 234 (1973). It is also clear that the degree of hardship which must be shown in order to justify a variance cannot exist where the property can be reasonably used in a manner which conforms to the zoning restriction. *Borough of Latrobe v. Sweeney,* 17 Pa. Commonwealth Ct. 356, 331 A.2d 925 (1975).

Here, Appellant has made no allegations that the parking restriction deprived him of the reasonable use of his land. He has made no allegation of unnecessary hardship nor did the Board make any findings on the issue of hardship. Furthermore, there was no evidence presented, other than the opinion of Appellant's counsel, that the variance would not contravene the public welfare. Finally, Appellant has presented no evidence that the property could not be used for a permitted use in the absence of a variance. On the contrary, the record shows that the property for which the variance is sought is being used for residential purposes and can continue to be so used.

The court below also noted that the off-street parking restriction was in effect at the time Appellant purchased the property in question. It is clear that a variance to a zoning ordinance will not be granted when the applicant purchased the property when he knew or should have known of the restrictive zoning regulations applicable to the property. *Drop v. Zoning Bd. of Adjustment,* 6 Pa. Commonwealth Ct. 64, 293 A.2d 144 (1972).

The court below ably noted several other procedural errors committed by the Board. Since our disposition on the merits makes it unnecessary to review them, we shall accept the findings of the Common Pleas Court.

Appellant urges us in the exercise of our standard of review to remand to the Board since the Board failed to make findings of fact or conclusions of law. We disagree. In *Zoning Hearing Board v. Konyk,* 5 Pa. Commonwealth Ct. 466, 290 A.2d 715 (1972), we said that:

"When the evidence is capable of supporting either result, this Court may not usurp the Board's or Court's unfulfilled duty to pass upon the factual validity of the evidence presented.

"We do not imply, however, that the absence of formal findings of fact automatically precludes disposition on the merits of the appeal." 5 Pa. Commonwealth Ct. at 469, 290 A.2d at 717.

In this case, we agree with the court below that the Board abused its discretion and erred at law in granting the variance without having before it any evidence which would meet the statutory requirements for a variance. In exercising our mandate to review errors of law, we conclude that the Board should not have granted the variance. We affirm.