Dr. William Updegrave and Sara Jane, His Wife, Appellants *v.* Philadelphia Zoning Board of Adjustment, Appellee.

452

Argued April 9, 1976, before Judges Crumlish, Jr., Mencer and Rogers, sitting as a panel of three.

*Irvin Stander,* for appellants.

*Ralph J. Teti,* with him *Sheldon L. Albert,* City Solicitor, *Stephen Arinson,* Chief Deputy City Solicitor, *Raymond Kitty,* Deputy in Charge of Litigation, *James M. Penny, Jr.,* Assistant City Solicitor, and *Claudia D. Kapustin,* Assistant City Solicitor, for appellee.

Opinion by Judge Mencer, July 13, 1976:

Dr. William Updegrave and his wife Sara Jane (appellants) sought a variance from the Philadelphia

Zoning Board of Adjustment (Board) so that they might convert their property, located at 417 West School House Lane in Philadelphia, from a dentist's office and residence, a permitted use in the applicable R-10A district, to a two-apartment dwelling, a use which is not permitted in R-10A zones. The Board twice rejected appellants' request, and the Court of Common Pleas of Philadelphia County affirmed the Board. Appellants then pursued their appeal to this Court.

Where, as in this case, the lower court took no additional evidence, our scope of review is limited to determining whether the Board committed a manifest abuse of discretion or an error of law. *Harper v. Zoning Hearing Board of Ridley Township,* 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975). The law with respect to the grant of a variance is well settled. In order to obtain a variance, the applicant must sustain the burden of proving that (1) the proposed use is not contrary to the public interest and (2) the property involved is subjected to an unnecessary hardship unique or peculiar to the property itself. *Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A.2d 616 (1970).

In *Richman v. Zoning Board of Adjustment,* 391 Pa. 254, 259-60, 137 A.2d 280, 283-84 (1958), the Pennsylvania Supreme Court stated:

"He who seeks a variance has the burden of proving justification for its grant. The 'hardship' which must be proven must be an 'unnecessary,' not a 'mere' hardship, as well as 'unique or peculiar to [the property involved] as distinguished from the impact of the zoning regulations on the entire district.' The fact that an increase or decrease in value will result from the grant or refusal of a variance will not, standing alone, constitute a sufficient hardship." (Footnotes omitted.)

"Unnecessary hardship," as this Court has held, can be established (1) by a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. Economic hardship, however, short of rendering property practically valueless, does not justify a variance. *Alfano v. Zoning Hearing Board of Marple Township,* 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).

In the case at bar, testimony by Dr. Updegrave at the first hearing and by his attorney in a remand hearing tended to show only that Dr. Updegrave felt it would be difficult to find another dentist to buy or lease his property, that it would be costly to integrate the office area with the existing living space, and that the Updegraves desired to have friends live in the proposed apartment to act as caretakers when appellants were away from home. There is, however, absolutely no evidence in this record which would show a hardship or deprivation of the required magnitude. Assuming, arguendo, that the proposed conversion would not result in any prejudice to the public interest, we hold that the court below was correct in its refusal to reverse the board since appellants had not met their burden of proving "unnecessary hardship." *See Szmigiel v. Zoning Board of Adjustment,* 6 Pa. Commonwealth Ct. 632, 298 A.2d 629 (1972).

Order affirmed.

ORDER

Now, this 13th day of July, 1976, the order of the Court of Common Pleas of Philadelphia County af-

firming the Philadelphia Zoning Board of Adjust-
ment's denial of a variance to Dr. William Updegrave
and Sara Jane Updegrave, husband and wife, is here-
by affirmed.

Judge CRUMLISH, JR. concurs in the result only.