Eugene A. Canter *v.* Township of Abington Zoning Hearing Board. Township of Abington, Appellant.

Argued April 6, 1979, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*David M. Jordan*, with him, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity*, for appellant.

*James L. Price*, for appellee.

OPINION BY JUDGE WILKINSON, JR., May 30, 1979:

This is an appeal from an order of the Court of Common Pleas of Montgomery County reversing a decision of the Zoning Hearing Board of Abington Township (Board) which refused the grant of a variance to construct an open parking lot as an accessory to appellee's business. We affirm.

Appellee has operated a retail business in the township since 1972 in property located at the intersection of Jenkintown Road and Cadwalader Avenue in a building which had previously been used as the McKinley Fire Company firehouse. Appellee purchased the property from the fire company in 1972 and in that year, incident to the sale, the township supervisors agreed to rezone the property from an "H" residential district to an "F-1" residential dis-

trict. Consistent with this rezoning, and pursuant to the requirements of the zoning ordinance for adequate parking facilities in a commercial district, the fire company agreed to permit appellee's employees and customers to use the parking lot at its new firehouse located on the opposite side of Jenkintown Road from appellee's business.[1] In the spring of 1976, the township and fire company erected ''Do Not Enter'' and ''No Parking'' signs at the entrance to the fire company lot. Appellee subsequently purchased the vacant lot across the street from his property on Cadwalader Avenue for the purpose of a parking lot for the convenience of his customers and requested a special exception or variance from the Board since this property was zoned in an ''H'' residential district.

The evidence at the hearing before the Board indicated that two gasoline stations and the firehouse were located on the remaining corners of the intersection of Jenkintown Road and Cadwalader Avenue; that the lot for which the variance or special exception was sought was situate between a gasoline station, zoned commercial, and a single family dwelling; and that the lot was non-conforming in size with respect to an ''H'' district having a 40 foot as opposed to the required 50 foot frontage. Testimony from the company's fire chief established that the signs were erected by and at the behest of the township to avoid liability occasioned by accidents and to permit firemen free access to the lot during emergencies. It was further uncontradicted at the hearing that appel-

---

[1] This agreement was established by the uncontradicted testimony of the fire company's chief in a statement made to township commissioners at the 1972 hearing on the zoning request. Under the township zoning ordinance, the use of a building may not be changed to a use requiring more parking spaces without complying with the parking regulations of the ordinance.

lee's customers and employees no longer used the fire company lot after the signs were erected. The Board determined appellee had established neither the right to a special exception nor the basis for a new variance under the township zoning ordinance. On appeal, the court of common pleas reversed, concluding the Board abused its discretion in not granting a variance for the lot.[2]

In *O'Neill v. Zoning Board of Adjustment*, 434 Pa. 331, 334, 254 A.2d 12, 14 (1969), our Supreme Court stated:

> [V]ariances should be granted only sparingly and only under exceptional circumstances; ... in order to obtain a variance, the petitioner must prove (1) that the variance will not be contrary to the public interest and (2) that unnecessary hardship will result if the variance is not granted; ... a variance will not be granted solely because the petitioner will suffer an economic hardship if he does not receive one. (Footnotes omitted.)

Appellant contends that appellee failed to establish a hardship peculiar to the particular property where he wishes to build the parking lot and further that whatever hardship appellee suffers is purely economic.

As a general rule, unnecessary hardship has been established by a showing that the physical characteristics of the property were such that it could not be used for the permitted purpose or that the physical

---

[2] It is unclear from the court's opinion whether the appeal was sustained on the basis of appellee's right to a special exception or variance. Appellee has argued both positions in the alternative before this Court. Upon an examination of the relevant provisions of the township zoning ordinance regarding off street parking, we conclude that a landowner would be required to establish the need for a variance to place a commercial parking lot in a residential district.

characteristics were such that it could only be arranged for such purpose at prohibitive expense or by proving that the characteristics of the area were such that the lot had either no value or only distress value. *Alfano v. Zoning Hearing Board*, 14 Pa. Commonwealth Ct. 334, 324 A.2d 851 (1974).

In the case at bar, it is admitted that the lot in question fails to meet the dimensional requirements for the district in which it is located to permit the construction of a residential dwelling. Further the evidence before the Board established that the property is surrounded on three sides by commercial uses, and on the fourth by a residential dwelling. Under such circumstances, we believe the appellee met his burden of proving that the unique physical characteristics of the property established unnecessary hardship. *See Nicholson v. Zoning Board of Adjustment*, 392 Pa. 278, 140 A.2d 604 (1958).

Appellant relies on our decision in *Kollock v. Zoning Board of Adjustment*, 27 Pa. Commonwealth Ct. 624, 367 A.2d 339 (1976), that a variance is improper in this case because the appellee has established only an economic hardship to his business due to the lack of available parking. In *Kollock* this Court denied the grant of a variance to permit parking on a residential lot adjacent to the landowner's business, concluding the necessity to expand the business property established a mere economic hardship to the owner. The facts in *Kollock*, however, are readily distinguishable from the present case. In *Kollock*, the owner offered no evidence to show the land was unsuitable for residential use. Further, unlike the usual variance case involving an attempt by a landowner to use his property contrary to zoning regulations generally applicable to all land in a district, the extraordinary feature of this case is that most if not all of the difficulty presented to this landowner in the lawful use

of his property for his business was occasioned by township authorities restricting parking in the vicinity of appellee's store.

Accordingly, we will enter the following

ORDER

AND NOW, May 30, 1979, the order of the Court of Common Pleas of Montgomery County, No. 77-12589, dated September 11, 1978, is hereby affirmed.