Appeal of Daniel A. Nardozza From Decision of Zoning Hearing Board of the City of Altoona. City of Altoona, Appellant.

Argued May 7, 1979, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*R. Bruce Brumbaugh* and *D. Brooks Smith,* with them, *Jubelirer, Carothers, Krier & Halpern,* for appellant.

No appearance for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 6, 1979:

The City of Altoona appeals an order of the Blair County Common Pleas Court which reversed the City's Zoning Hearing Board's denial of the application by Daniel A. Nardozza for a variance. He wanted to erect a restaurant and illuminated plastic sign on a vacant lot located in a Residential Single Family "B" District.

The proposal fails to conform to the use and yard area requirements of the City's zoning ordinance. The tract is unimproved and roughly triangular in shape and contains a steep, wooded hillside. The Board, in refusing the application, found that the applicant had not established legal hardship and that the use would be contrary to the health, safety, and welfare of the community. The court below held that the Board had erred in refusing to allow this tract as commercial use, that use as a residential dwelling was not possible, and a variance would not adversely affect the health, welfare, or safety of the community.

Our scope of review in zoning appeals where the trial court has considered additional evidence is limited to a determination of whether that court committed an error of law or abused its discretion. *Ephross v. Solebury Township Zoning Hearing Board,* 25 Pa. Commonwealth Ct. 140, 359 A.2d 182 (1976).

It is well established that an applicant for a variance has the burden of proving that (1) the proposed use is not contrary to the public interest and (2) the property involved is subjected to an unnecessary

hardship unique or peculiar to the property itself. We have held that an unnecessary hardship can be established either by (1) a showing that the physical characteristics of the property were such that it could not in any case be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense or (2) by proving that the characteristics of the area were such that the lot has either no value or only a distress value for any purpose permitted by the zoning ordinance. *Updegrave v. Philadelphia Zoning Board of Adjustment,* 25 Pa. Commonwealth Ct. 451, 360 A.2d 827 (1976).

The application of these principles to the record in this case leads only to one possible conclusion; namely, that Nardozza failed to carry the heavy burden necessary to warrant the grant of a variance. The record reveals that although there are various commercial establishments interspersed within the neighborhood, the subject property is wholly surrounded by residential properties. Nardozza admits that a majority of the neighboring property owners were opposed to the proposed use and a counter-petition filed with the Board revealed that no fewer than 80 people were opposed to granting the variance. An increase in the already heavy flow of traffic in the area will admittedly result from the proposed construction although Nardozza could not project the extent of such increase. This increase in traffic, accompanied by simultaneous increases in the noise, litter and pollution, will have an adverse effect upon the health, safety, and welfare of the community.

Examination of the record also reveals that Nardozza has failed to carry his burden of proving unnecessary hardship. Nardozza's real estate expert testified that costly excavation of the premises would

be needed for any kind of construction due to the uneven topography. Nardozza testified that it would not be feasible to erect a residential dwelling on the property "unless the person wanted to spend a lot of money excavating." He opined further that, although construction of his restaurant would likewise require excavation, he expected business revenues to compensate the expenditures. It thus appears to him that while the property could be used for residential purposes, it could be more advantageously used as a restaurant. We are satisfied from the record that the request for a variance is not bottomed on any lack of feasibility of use for residential purposes but rather upon the expectation that the property will be economically productive as a restaurant. It is just this type of "economic hardship" which we have frequently held is, legally insufficient to constitute an "unnecessary hardship" sufficient to justify granting of the variance. *See First Presbyterian Church of York v. City Council of the City of York,* 25 Pa. Commonwealth Ct. 154, 360 A.2d 257 (1976); *Township of West Deer v. Bowman,* 17 Pa. Commonwealth Ct. 579, 333 A.2d 792 (1975). It is the property which must be subject to the hardship and not the person. *Borough of Latrobe v. Sweeney,* 17 Pa. Commonwealth Ct. 356, 331 A.2d 925 (1975). This property suffers no hardship since the record fails to demonstrate that the land cannot reasonably be used as presently zoned.

Nardozza has failed to carry the heavy burden necessary to justify the grant of a variance.

Accordingly, we

ORDER

AND Now, this 6th day of September, 1979, the order of the Court of Common Pleas of Blair County dated February 1, 1978, granting a variance to Daniel A. Nardozza is hereby reversed.