Herbert Hamilton and Josephine Hamilton, his wife, Appellants *v*. Zoning Hearing Board of Aston Township, Appellee.

Argued November 19, 1981, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*William D. March, Scallan, March, Berman, Del Fra & Wochok,* for appellants.

*Francis T. Sbandi, Fronefield and de Furia,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., April 27, 1982:

Appellants, Herbert and Josephine Hamilton, appeal from an order of the Court of Common Pleas of Delaware County which affirmed a decision of the Zoning Hearing Board of Aston Township (Board) denying appellants' request for variances.

Herbert and Josephine Hamilton, husband and wife, are the owners of nine contiguous lots located in Aston Township. The lots are numbered 24 through 32, and were purchased by the appellants in 1974. All of the lots are unimproved, with the exception of lots 26 and 27, which two make up the site of an existing dwelling. The lots are situated in an area of the township zoned "Residential B" (RB); and the area was so zoned prior to the appellants' purchase of the lots.

The Aston Township zoning ordinance provides that land located in areas classified RB is subject to certain building restrictions. Single-family detached dwellings must be constructed on lots containing a minimum of 10,000 square feet and having a minimum width at the building line of 70 feet. In addition, there must be a front yard on each street abut-

ting the lot, the depth of which must be at least 30 feet from the street line. Furthermore, there are required to be two side yards, "one on each side of the main building," having an aggregate width of not less than 30 feet, nor less than 10 feet on either side. Finally, there is required to be a rear yard, the depth of which must be at least 30 feet. The building area may not exceed 25% of the lot area.

In January, 1979, appellants petitioned the Board for variances from the terms of the zoning ordinance in order to erect a single-family dwelling on each of two separate parcels of land. Neither parcel complied with the dimensional requirements set forth in the zoning ordinance for construction of single homes. The parcels of land for which the variances were sought were each comprised of two connected plots of ground. Lots 24 and 25 were merged to form one parcel of land; lots 31 and 32 were merged to create the second parcel.

With respect to the parcel comprised of lots 24 and 25, appellants requested the following variances for their proposed single-family dwelling: (1) a variance to reduce the lot area requirement from 10,000 square feet to an area of 5,900 square feet; (2) a variance to reduce the lot width requirement at the building line from 70 feet to a width of 40 feet; (3) a variance to reduce the aggregate width of the two side yards from the required minimum of 30 feet to an aggregate width of 15 feet; and (4) a variance to reduce one side yard to a width of 5 feet, with the required minimum width being 10 feet.

Appellants prayed that the following variances be granted for lots 31 and 32: (1) a variance to reduce the lot area from the required minimum of 10,000 square feet to an area of 6,000 square feet; (2) a variance to reduce the width of the lot at the building line from 70 feet to 50 feet; and (3) a variance

reducing the street set-back requirement of 30 feet, to allow for front yards measuring only 10 and 15 feet, respectively, from the two public streets that abut the parcel.

In March, 1979, the Board held a hearing at which time it took testimony and received evidence concerning the requested variances. In April, 1979, the Board unanimously denied the variances. Notice of the denial was mailed to appellants, following which appellants filed an appeal with the lower court. The lower court, while taking no additional evidence, heard argument on the matter. In August, 1980, an order was entered dismissing appellants' appeal and affirming the decision of the Board. The instant appeal to this Court followed.

Our scope of review in zoning cases where the lower court took no additional evidence, is limited to a determination of whether the Board abused its discretion or committed an error of law. *Grace Building Co., Inc. v. Zoning Hearing Board of Upper Merion Township*, 38 Pa. Commonwealth Ct. 178, 392 A.2d 888 (1978). Appellants argue that the Board both erred and abused its discretion in refusing to grant the requested variances. Our examination of the record in this case reveals no such error or abuse of discretion.

For the sake of clarity, each parcel of land and its attendant problems will be discussed separately.

With respect to lots 24 and 25, the Board found that the erection of a single-family dwelling in that location would create a congested atmosphere, and thus would be detrimental to the public health, safety and welfare of the community. The Board's finding was based on testimony received at the zoning hearing which established that the proposed construction would be about 7 feet from the dwelling on lots 26 and 27. The testimony further indicated that the

short distance between the two homes would cause crowded and otherwise unsafe conditions.

An applicant for a variance must establish that the variance would not have an adverse effect upon the public health, safety or welfare. *E.g., Sposato v. Radnor Township Board of Adjustment,* 440 Pa. 107, 270 A.2d 616 (1970). In the instant case, it is readily apparent from the record that the appellants failed to meet that burden, insofar as the combination of lots 24 and 25 was concerned. Moreover, the evidence presented in this case revealed the existence of potential harm to appellants' neighborhood if those variances were granted. Thus, the Board's decision as to the parcel comprised of lots 24 and 25 was proper.

Lots 31 and 32 combine to form a corner parcel, that is, one abutted by two intersecting public streets. That parcel is contiguous with other land owned by the appellants, namely, the land consisting of the entirely vacant lots 28, 29 and 30. In denying the variances for the combined lots 31 and 32, the Board concluded that the appellants failed both to establish an unnecessary hardship and to prove that the variances would not be contrary to the public health, safety and welfare.

It is well established law that an applicant for a variance must prove that an unnecessary hardship will result if the variance is denied.[1] "As a general rule, unnecessary hardship has been established by a showing that the physical characteristics of the property were such that it could not be used for the permitted purpose or that the physical characteristics were such that it could only be arranged for such purpose at prohibitive expense or by proving that the characteristics of the area were such that the lot had

---

[1] *E.g., Hager v. Manheim Township Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 361, 352 A.2d 248 (1976).

either no value or only distress value.'' *Canter v. Township of Abington Zoning Hearing Board,* 43 Pa. Commonwealth Ct. 132, 135-36, 401 A.2d 1240, 1242 (1979). Where an applicant for a variance owns other property adjoining the lot for which a dimensional variance is in issue, and a merger of the two properties would allow the latter to be given a use permitted by the zoning ordinance, then no unnecessary hardship has been shown to justify the grant of a variance. *Berger v. Zoning Hearing Board of Cheltenham Township,* 54 Pa. Commonwealth Ct. 405, 422 A.2d 219 (1980); *In Re: Application of BCL, Inc.,* 36 Pa. Commonwealth Ct. 96, 387 A.2d 970 (1978); *Ephross v. Solebury Township Zoning Hearing Board,* 25 Pa. Commonwealth Ct. 140, 359 A.2d 182 (1976).

The land comprising lots 31 and 32 can be used for a single family dwelling if those two lots are merged with lots 28 through 30.[2] Thus, under Pennsylvania case law, the appellants did not prove that an unnecessary hardship would be inflicted upon lots 31 and 32 if the variances were not granted. Additionally, as previously stated, a person seeking a variance must show that the variance would not be contrary to the public health, safety and welfare. Here, the testimony before the Board disclosed that the construction of a dwelling on lots 31 and 32 would significantly reduce the sight distances at the intersection immediately adjacent to the lots. The Board found that the Aston Township Zoning ordinance applicable to corner properties was specifically designed to insure the existence of adequate sight distances at intersections. Clearly, the purpose of such an ordinance is to protect both pedestrians and motor vehicle operators when entering and crossing inter-

---

[2] The vacant land consisting of lots 28, 29 and 30 has a total area of slightly over 11,000 square feet, and has a width exceeding that required for a single-family dwelling.

sections. Therefore, any interference with sufficient sight distances would endanger the health, safety and welfare of the community. Accordingly, the Board's decision concerning lots 31 and 32 was correct.

For the above stated reasons, we must affirm the lower court's decision upholding the Board's determination.

ORDER

AND Now, the 27th day of April, 1982, the order of the Court of Common Pleas of Delaware County entered on August 4, 1980, at No. 79-6244, is affirmed.

This decision was reached prior to the resignation of Judge MENCER.

Judge PALLADINO did not participate in the decision in this case.