813 Associates, Appellant *v.* The Zoning Hearing Board of Springfield Township, Appellee.

Argued June 6, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*John W. Lauffer, Barbin, Lauffer & O'Connell,* for appellant.

*James J. Garrity,* with him, *Thomas M. Garrity, Wisler, Pearlstein, Talone, Craig & Garrity,* for appellee.

OPINION BY JUDGE BARRY, August 9, 1984:

This appeal is from an order of the Court of Common Pleas of Montgomery County which upheld an order of the Zoning Hearing Board of Springfield Township (Board). The Board denied the application of the appellants, 813 Associates, for a variance pursuant to Section 114-61 of the Springfield Township Zoning Code.

The appellant is the owner of a lot at 813 Bethlehem Pike, Erdenheim, Springfield Township, Montgomery County. The lot has approximately 104 feet of frontage on Bethlehem Pike and a depth of approximately 585 feet. A zoning district boundary line bisects the lot at a depth of 170 feet. The portion of the lot closest to Bethlehem Pike is zoned Business 1; the remainder of the lot is zoned AA residential.

The appellant operates a 4,800 square foot medical office building on the front part of the lot. In 1978 the appellant, pursuant to Section 114-33 of the Springfield Township Zoning Code, was granted a special exception extending commercial use to a depth of 50 feet into the AA residential zone. The appellant is now seeking a variance which would extend its commercial use an additional 50 feet into the AA residential zone in order to construct approximately 12 parking spaces. These parking spaces are necessary because the appellant wishes to construct a 1600 square foot addition to its office building which would eliminate four existing parking spaces and, at the same time, create the need for eight new spaces.

The Board denied the appellant's request for a variance because appellant introduced no evidence showing that the zoning ordinance imposed an unnecessary hardship on the appellant's lot, as a whole, as required for the grant of a variance under Section 114-61 of the Springfield Township Zone Code.

The Court of Common Pleas of Montgomery County upheld the Board's decision that the property as a whole did not suffer from an unnecessary hardship. Additionally, the court found within the meaning of *Michener Appeal*, 382 Pa. 401, 115 A.2d 367 (1955), that the hardship alleged by the appellant was not unique to itself as distinguished from one arising from the impact of the zoning regulations on the entire district.

Where, as here, the trial court receives no evidence, our scope of review is limited to a determination of whether the Board abused its discretion or committed an error of law. *Atlantic Richfield Co. v. City of Bethlehem*, 69 Pa. Commonwealth Ct. 6, 13, n. 3, 450 A. 2d 248, 252, n.3 (1982). For the reasons that follow, we believe the Board did not abuse its discretion nor did it commit an error of law and, therefore, we affirm the holding of the Court of Common Pleas of Montgomery County.

The appellant contends that the Board made a mistake of law in denying the variance because it was under the impression that it did not have the power to grant the variance and that appellant would have to seek relief from the township commissioners. This is evidenced, the appellant contends, by the fact that at the conclusion of the hearing the chairman of the zoning hearing board stated on the record that the appellant had proved the *necessary* hardship and that the variance, if granted, would not be injurious to the health, safety or welfare of the community. We disagree.

In order to satisfy the requirement for a variance under Section 912 of the Pennsylvania Municipalities Planning Code (Planning Code), Act of July 31, 1968, P.L. 805, 53 P.S. §10912, it must be shown, *inter alia:*

[t]hat there are *unique* physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property, and that the *unnecessary hardship* is due to such conditions, and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located; . . . . (Emphasis added.)

The appellant here is misreading the record. As noted above, the appellant alleges that the chairman of the Board, at the conclusion of the hearing, stated that the appellants had shown the *necessary hardship* required for a variance. The record supports no such contention. At the conclusion of the hearing, the chairman stated:

It also appears to this member of the Board that there is, in fact, a real hardship occasioned with the use of the AA portion of the lots which is held by 813 Associates, . . .

But the chairman then stated:

. . . the burden in terms of hardship and the proof of hardship lies in terms of proving a hardship associated with the B-1 district portion of the plot and not with the AA portion.

Under the law there has, in fact, been no proper proof of a hardship with respect to the B-1 . . . as a matter of law, the proposed should be rejected and we do, in fact, reject it on the basis that no proper hardship has been shown with respect to the B-1 portion.

Thus, the record shows that the chairman found there was hardship, but did not find this hardship encom-

passed the lot as a whole and, therefore, was not the *necessary* hardship to justify the grant of a variance. Because of this distinction made by the chairman, the Board made no mistake of law in its decision.

The Board did not reject the application for the variance because it mistakenly felt it did not have the power to act in this situation. It correctly denied the variance because the appellant's evidence was insufficient to show a hardship to the lot as a whole caused by the ordinance.

The appellant points to our decision in *Canter v. Township of Abington Zoning Hearing Board*, 43 Pa. Commonwealth Ct. 132, 401 A.2d 1240 (1979), as controlling. We disagree. Although in *Canter* this Court upheld a request for a variance, the facts in *Canter* are readily distinguishable from the present case. There the landowner established that its lot as a *whole* was too small to meet the requirements for construction of a single family dwelling. Since the district was zoned residential the landowner's lot, if a variance had not been granted, would have been totally unusable. This was correctly held to be an unnecessary hardship. The appellant here also claims to have shown that the property as a whole is unusable for that which it is zoned. Such a claim is unsupported by the record. The appellant has not established that the lot as a *whole* is unusable for that for which it was zoned. At most, the appellant has shown that the portion of the lot zoned AA residential is harmed by the zoning ordinance. In fact, the appellant's problem seems to arise because of the highly successful use that the appellant has made of the front part of the property. For these reasons, we believe the *Canter* case is distinguishable from the present case and, therefore, is not controlling here.

The appellant alleges that the AA residential zoning as it applies to its property constitutes illegal spot zoning and confiscation of its property without due process of law and, therefore, should be declared invalid. The record indicates that the appellant did not raise the issues of spot zoning or confiscation without due process at the hearing. The record clearly indicates that the appellant's sole contention at the hearing was for a variance pursuant to Section 912 of the Planning Code.

In *Morgan v. Sbarbaro*, 307 Pa. Superior Ct. 308, 453 A.2d 598 (1982), it was held that "The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that on appeal a new and different theory of relief may not be successfully advanced for the first time." The appellant, by now arguing that the ordinance is invalid, is raising a new and different theory of relief. In light of the policy set forth in *Morgan* we believe the appellant has waived the arguments of spot zoning and confiscation without due process of the law and thus cannot now raise them on appeal.

The appellant argues that the Board's decision should be vacated since there was no public vote taken at the hearing as allegedly required by the Act of June 21, 1957, P.L. 392, *as amended*, 65 P.S. §§251-254. We disagree. This act requires only that a *meeting* be open to the public if a formal action is scheduled or taken. This requirement was fulfilled at the hearing in question by the Board.

The appellant argues that the Board abused its discretion since one member of the Board signed the written order without being present at the hearing and before reading the transcript of the hearing, This allegation, even if true, does not justify vacating the Board's decision. The two members of the Board who

were present at the hearing voted against the variance and these two votes regardless of how the absent board member voted were enough under Section 906 of the Planning Code to make the decision binding. For this reason, any improprieties concerning the absent board member's vote were harmless and did not have any effect on the Board's decision.

Appellant contends that the Board abused its discretion since the solicitor for the Board gave the Board chairman advice during the hearing and thus, in reality, the Board did not make this decision but, in fact, the solicitor made the decision. We disagree. It was not improper for the solicitor to advise the Board, in fact, that is one of the solicitor's primary functions.

Finally, the appellant contends that the Board's written findings of fact and opinion are not supported by the record and, in fact, are contradicted by the record. More specifically, it is argued that since the chairman, as the record indicates, found that the appellant had demonstrated a hardship as to the portion of the lot zoned AA residential it was contradictory for the Board to find the elements of a variance were absent. We disagree. It is not contradictory to find a hardship as to a piece of property and yet find the remaining requisite elements of a variance lacking. The hardship required for a variance must be both unnecessary and unique. The appellant's showing of hardship on the record did not meet these requirements.

Affirmed.

### ORDER

Now, August 9, 1984, the order of the Court of Common Pleas of Montgomery County, dated May 4, 1982, at No. 8207115 C.P., is affirmed.