Zoning Hearing Board of the Township of Upper Chichester, Delaware County, Pennsylvania *v.* Ronald Petrosky and Patricia Petrosky. Township of Upper Chichester, Delaware County, Pennsylvania, Appellant.

Argued April 9, 1976, before Judges KRAMER, WILKINSON, JR., and BLATT, sitting as a panel of three.

*Peter J. Nolan*, with him *Nelson J. Sack*, for appellant.

*Ronald J. Klimas*, with him *Eckell, Sparks, Vadino, Auerbach and Monte*, for appellees.

OPINION BY JUDGE BLATT, October 21, 1976:

This is an appeal by the Township of Upper Chichester (Township) from a decision and order of the Court of Common Pleas of Delaware County reversing an adjudication of the Township Zoning Hearing Board (Board) and thereby granting a variance from setback and boundary line requirements to Ronald and Patricia Petrosky.

On May 9, 1973, Ronald Petrosky requested appropriate permits from the Township so that he might erect a garage to be used to store his dump trucks on a tract of land which he had made arrangements to purchase. The tract was located in a part of the township zoned for light industrial use. On May 12, 1973, zoning, building, and use permits were issued by the Township for a 40 feet by 40 feet masonry garage to "store trucks only." The property was finally conveyed to the Petroskys on July 11, 1973,

and soon thereafter construction on the garage structure was begun. Although the Township building inspector had visited the site three times during the construction and had even assisted in the location of the footing for the building, the structure was clearly being constructed in violation of setback and boundary line requirements. There is no evidence, however, that the Petroskys were aware that construction was proceeding in the face of these violations. Construction, therefore, was completed without objection from the Township at an approximate cost of $15,000.

Seven months later, apparently after receiving protests from neighbors in a bordering residential district, the Township revoked the permits and ordered the Petroskys either to remove the structure or alter it so as to comply with zoning requirements. The Petroskys then commenced actions in the court below asserting a right to maintain their existing structure and use. By stipulation of the parties, however, the matter was first submitted to the Board in an application for a variance.

When applying for a variance from zoning requirements, an applicant must sustain the heavy burden of proving that the present requirements will result in an unnecessary hardship unique to the property and that the variance requested will not adversely affect the public health, safety, or welfare. *Borough of Latrobe v. Sweeney,* 17 Pa. Commonwealth Ct. 356, 331 A.2d 925 (1975). In the presence of certain conditions, however, a property owner may acquire a vested right to building and zoning permits which were issued in violation of zoning regulations. *Heidorn Appeal,* 412 Pa. 570, 195 A.2d 349 (1963); *Moyerman v. Glanzberg,* 391 Pa. 387, 138 A.2d 681 (1958). In *Department of Environmental Resources v. Flynn,* 21 Pa. Commonwealth Ct. 264, 344 A.2d

720 (1975), we enumerated five factors which entitled the property owners there to a vested right in permits issued on the basis of mistake:

(1) his due diligence in attempting to comply with the law;

(2) his good faith throughout the proceedings;

(3) the expenditure by him of substantial unrecoverable funds;

(4) the expiration without appeal of the period during which an appeal could have been taken from the issuance of the permit;

(5) the insufficiency of the evidence to prove that individual property rights or the public health, safety or welfare would be adversely affected by the use of the permit.

At the hearings before the Board, where it was adduced that the Petroskys' property was zoned for light industrial uses and that the use sought by the Petroskys was therefore permissible, it was also indicated that an automobile and truck repair shop where vehicles are stored on the premises was adjacent to the Petrosky property. The violations of the zoning ordinance noted on the Petrosky property, however, were caused by the triangular shape of the property, which evidently would prevent the construction of any building with setback and boundary lines coming within the requirements of the ordinance.

In its adjudication, the Board concluded that the building inspector had erroneously issued the permits on the basis of misrepresentations by Mr. Petrosky that the garage was to be used as a "residential detached garage to store two trucks" and that the property as in fact used posed a safety hazard due to the constant ingress and egress of trucks off of and on to the street. The Board, therefore, concluded that the Petroskys presented insufficient proof of en-

titlement to a variance and failed to offer adequate evidence of the acquisition of a vested right.

The court below reversed on appeal finding the evidence insufficient to support findings as to a safety hazard and as to the misrepresentations found by the Board and it ruled that the Petroskys had acquired a vested right to the permits which had been issued. We must reverse. When the court below took no additional evidence, as was the case here, our review is limited to a determination as to whether or not the zoning hearing board abused its discretion or committed an error of law. *Grace Building Co. v. Hatfield Township,* 16 Pa. Commonwealth Ct. 530, 329 A.2d 925 (1974). And we can find no such abuse here. The unique circumstances by which a property owner acquires a vested right to permits issued by mistake were thoroughly explored in our recent opinion in the *Department of Environmental Resources v. Flynn, supra.* While the facts in *Flynn* presented a most compelling case for granting such a right, we are not so compelled in the instant case.

Most fundamental here was the lack of due diligence on the part of the Petroskys in attempting to comply with the law. Clearly, a municipal permit issued illegally, in violation of the law or under a mistake of fact does not confer a vested right. *Department of Environmental Resources v. Flynn, supra.* Moreover, the zoning permit issued here itself stated that the permit could be revoked if its issuance violated the zoning ordinance, and a simple check of the zoning ordinance would have revealed the unlawfulness of the proposed construction. *See Hasage v. Philadelphia Zoning Board of Adjustment,* 415 Pa. 31, 202 A.2d 61 (1964). In addition, while the lower court held the evidence was insufficient to suggest findings of a safety hazard as a result of trucks back-

ing onto the street as was listed as a finding of the Board, our own review of the record does reveal some evidence that such a hazard exists in support of the Board's finding and such finding, therefore, does not constitute an abuse of discretion. Although we agree with the court below that the evidence will not support findings that the Petroskys misrepresented their intentions to the Township building inspector, the facts do not otherwise satisfy the requirements of *Flynn* and the Petroskys, therefore, did not acquire a vested right to use their property in violation of the setback and boundary requirements.

Still to be considered, however, is whether or not the Petroskys are entitled to continued use of their property on general principles governing the granting of variances. The Board here found that the Petroskys' land was such that no building could have been constructed so as to meet the setback and boundary requirements. Normally, such a finding would be sufficient to establish the hardship necessary to the grant of a variance. *Haas v. Zoning Board of Adjustment of Philadelphia,* 403 Pa. 155, 169 A.2d 287 (1961); *Altemose Construction Company v. Zoning Hearing Board,* 3 Pa. Commonwealth Ct. 328, 281 A.2d 781 (1971). Here, however, the Board concluded that this hardship had been self-inflicted by the Petroskys themselves. The Board found that the land was once under one common deed with the adjoining property owned by Mr. Petrosky's aunt. Mr. Petrosky's father was apparently acting as the executor of her estate when, at Mr. Petrosky's request, his father apparently divided the land into separate lots, both of which were purchased by Mr. Petrosky thereby creating the irregularly shaped tract upon which the garage has been constructed. As a general rule, when an individual subdivides his lot into two separate

620

parcels, one of which cannot be developed in accordance with zoning requirements, he is not entitled to a variance, because the existing hardship has been self-induced. *Volpe Appeal*, 384 Pa. 374, 121 A.2d 97 (1956). *Cf. Harper v. Zoning Hearing Board of Ridley Township*, 21 Pa. Commonwealth Ct. 93, 343 A.2d 381 (1975). The unity of ownership of these two lots as one single lot prior to subdivision at Mr. Petrosky's request as the purchaser places him in a position that we believe supports the Board's conclusion that the hardship here was indeed self-inflicted. We do not believe, therefore, that the Board abused its discretion in denying a variance to the Petroskys and ordering demolition of the property.

The decision and order of the Court of Common Pleas of Delaware County is, therefore, hereby reversed and the decision and order of the Zoning Hearing Board of Upper Chichester Township is reinstated.