Warwick Land Development Corporation, Appellant *v.* The Board of Supervisors of Warwick Township, Appellee.

Argued April 5, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT. Judge KRAMER did not
participate in the decision.

*Richard D. Bank,* with him *Bank, Shor, Levin &
Weiss,* for appellant.

*John W. Stahl,* with him *Peter A. Glascott,* for ap-
pellee.

OPINION BY JUDGE CRUMLISH, JR., August 18, 1977:
Warwick Land Development Corporation (the De-
veloper) has appealed the decision of the Court of
Common Pleas of Bucks County affirming the denial
by the Board of Supervisors of Warkick Township
(the Township) of the Developer's request for a cur-
ative amendment to the Township's Zoning Ordinance.
The Developer had sought to have its 275-acre
tract, which was zoned for single-family residences on
two-acre minimum lots, rezoned to permit construction

of cluster-type townhouses with an average density of 4.5 units per acre.

We affirm the lower court.

Warwick Township is a predominately rural-agricultural region of central Bucks County encompassing approximately 12.4 square miles, or 7,936 acres. Though not actually a suburb of Philadelphia, it lies in an area which may properly be termed the "fringe" of the Philadelphia Metropolitan area and which, consequently, has begun to feel the pressure of the population expansion. In the 30-year period from 1920 to 1950, the population of the Township grew from 472 to 906. In the following 15 years, the population sprouted to 2170.[1]

The history of land use planning in the Township goes back at least to 1947, when the Township enacted its Zoning Ordinance. Under that Ordinance, the Developer's parcel was zoned essentially as it is today. In 1957, the Township Planning Commission published a report summarizing its study of factors affecting present and future growth, in which it made various recommendations for changes in the Zoning Ordinance. In 1968 a 120-page Township Comprehensive Plan was adopted, followed by the completion in 1974 of the draft of a Comprehensive Plan for Bucks County. Both Comprehensive Plans made provision for high density residential development within Warwick Township; neither plan included the Developer's land in the area marked for high density. Under the Township's Plan, three-fourths to four-fifths of the subject tract was designated medium density, with the remainder being low density; under the County Plan, the parcel and much of the surrounding land was described as a rural holding zone.

---

[1] *Comprehensive Plan for Warwick Township, Bucks County, Pennsylvania,* December, 1968, p. 25-26.

It thus appears that the present zoning of the subject tract is not a hastily contrived attempt to exclude the proposed development from the Township, but rather is the result of 30 years of planning.

On May 25, 1970, the Township adopted, as an amendment to its Zoning Ordinance, Ordinance 2-F, which established four "MF Multi-Family Residential Districts." Multiple dwellings, apartment houses, and attached structures were included as permitted uses within the MF zones. These four districts were located adjacent to or in close proximity of Old York Road, the Township's main highway. In addition to these four regularly-created districts, a fifth MF district was mapped as a result of the Pennsylvania Supreme Court's decision in *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974).

On August 4, 1970, almost three months after the adoption of Ordinance 2-F, the Developer purchased the subject tract, which was then zoned as it had always been and is now, viz., RA, Residential-Agricultural, permitting only single-family units on two-acre minimum lots.

In September, 1974, the Developer, desiring to build 1200 townhouses in clusters of from four to eight, a use not permitted in the RA zone, filed an application for a curative amendment with the Township Board of Supervisors, by which it proposed to amend the Zoning Ordinance by creating, on its parcel, a "Residential Townhouse District." The Developer based its application — as it bases its appeal to this Court — on the allegation that the present Zoning Ordinance is exclusionary in that it makes no provision for townhouse development and is therefore unconstitutional for the reasons set forth by the Pennsylvania Supreme Court in *Appeal of Girsh*, 437 Pa. 237, 263 A.2d 395 (1970). Alternatively, Appellant argues that such provision

as Ordinance 2F may make for townhouses is mere tokenism, not sufficient, under our decision in *Willistown Township v. Chesterdale Farms*, 7 Pa. Commonwealth Ct. 453, 300 A.2d 107 (1973), to validate an otherwise unconstitutional zoning scheme.

Between November, 1974 and April, 1975, five hearings were held by the Board of Supervisors during which both the Developer and the Township submitted detailed testimony on the feasibility of the proposed development and the ability of the Township to accommodate new residents. On May 20, 1975, the Board rejected the Developer's application, concluding that townhouse development was not excluded from the Township, but rather that such structures were permitted in the Multi-Family Residential Districts, and finding as fact that the five Multi-Family Districts existing in the Township comprise 235.25 acres and can accommodate approximately 2,000 additional dwelling units under the existing zoning regulations. This decision, conclusion and finding were upheld by a three-judge panel of the court of common pleas.

It is well settled that in a zoning case where the lower court took no additional evidence, review by this Court is limited to a determination of whether the municipal authorities abused their discretion or committed an error of law. *V.C. Finisdore v. Township of Lower Merion*, 27 Pa. Commonwealth Ct. 598, 367 A.2d 412 (1976); *Waynesborough Corp. v. The Easttown Zoning Hearing Board*, 23 Pa. Commonwealth Ct. 137, 350 A.2d 895 (1976). Our review of the entire record, including the transcripts of the hearings before the Board and the several exhibits, particularly the Township and County Comprehensive Plans, makes it clear to us that there is substantial evidence supportive of both the finding and the conclusion. We, therefore, affirm the lower court's holding that the Township has

made ample provision for townhouse development and that, therefore, its zoning scheme is not unconstitutionally exclusionary.

Accordingly, we

ORDER

AND Now, this 18th day of August, 1977, the order of the Court of Common Pleas of Bucks County, dated April 23, 1976, dismissing the appeal of Warwick Land Development Corporation is hereby affirmed.

Judge KRAMER did not participate in the decision in this case.