In Re: Appeal of Grace Building Co., Inc. from the Decision of the Zoning Hearing Board of Upper Merion Township, as to Lots 6 Through 9, Section "E", Lincoln Avenue, Upper Merion Township, Montgomery County, Pennsylvania. Grace Building Co., Inc., Appellant v. Zoning Hearing Board of Upper Merion Township, Appellee.

Argued April 6, 1978, before Judges WILKINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Alfred O. Breinig, Jr.,* for appellant.

*Gregory J. Dean,* with him *Meneses and Dean,* for appellee.

OPINION BY JUDGE BLATT, October 18, 1978:

The Grace Building Co. (appellant) appeals here from an order of the Court of Common Pleas of Montgomery County which affirmed a decision of the Zoning Hearing Board of Upper Merion (Board) denying the appellant's request for a special exception and/or variance to construct a dwelling on an undersized lot.

The appellant is the owner of three lots located in an area of Upper Merion Township which is zoned R-2

residential. It is also the equitable owner of another lot contiguous to these three. The four lots are laid out in a subdivision plan which had been approved in 1925, predating by many years the adoption of the Upper Merion zoning and subdivision ordinances and each of the lots is 20 feet in width and 100 feet in depth. The appellant desired to combine these lots so as to construct thereon a single family residence. The combined lots meet all of the dimensional requirements of the R-2 district except that of total area, with the R-2 ordinance requiring a 10,000 square foot area and the combined lots having an area of only 8,000 square feet. The appellant therefore applied to the Board for a variance and/or special exception to build the residence on the undersized lot, and the Board denied both requests. The lower court, without taking further evidence, affirmed the Board's decision, and this appeal followed.

Our scope of review in zoning cases where the court below took no additional evidence is limited to a determination of whether or not the Board abused its discretion or committed an error of law. *Warwick Land Development Corporation v. Board of Supervisors,* 31 Pa. Commonwealth Ct. 450, 376 A.2d 679 (1977).

The Board and the lower court denied the application here for a special exception on the basis that the appellant had failed to sustain its burden to show that its application was within the provision authorizing the special exception. The application was based on Section 1601A of the Upper Merion Township zoning ordinance,[1] which provides as follows:

---

[1] The appellant also argues that it is entitled to build on its property because its application complies with Section 1601B of the Upper Merion Township zoning ordinance. Our review of the record indicates that the appellant did not formally raise its entitlement under this section before the Board and we decline to consider it here.

A.   When authorized as a Special Exception, a building may be erected or altered *on any lot held in single and separate ownership on the effective date of this Ordinance* which is not of the required minimum area or width or is of such unusual dimensions that the owner would have difficulty in providing the required open spaces for the District in which the lot is situated. (Emphasis added.)

Section 200 of the Upper Merion zoning ordinance defines single and separate ownership as "[t]he ownership of property by any person, which ownership is separate and distinct from that of any adjoining property." The Board and lower court held essentially that, because the individual lots which the appellant sought to combine were not *presently* held in single and separate ownership, a special exception was not available to the appellant under Section 1601A. Section 1601A, however, clearly provides that it applies to "any lot held in single and separate ownership *on the effective date of this Ordinance.*" (Emphasis added.) The crucial date for examining the ownership status of the property under the section, therefore, is not the date of the application but rather the effective date of the zoning ordinance. The only evidence of record concerning the ownership status of the lots in question on the effective date of the ordinance indicates that two of the lots had common ownership on April 25, 1942, which was the effective date of the zoning ordinance. We believe, therefore, that all of the component lots were not held in single and separate ownership on the effective date of the zoning ordinance and that the Board and lower court correctly held that a special exception was not available to the appellant under this section. *See Yusem v. Lower Merion Township*, 84 Montg. Co. L.R. 104 (1964).

The appellant also argues that the Board erred in denying its application for a variance. The statutory requirements for a variance are found in Section 912 of the Pennsylvania Municipalities Planning Code,[2] 53 P.S. §10912. These requirements may be summarized as follows: (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from the unique physical characteristics of the property; (3) the granting of a variance will not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship must not be self-inflicted; and (5) the variance sought is the minimum variance that will afford relief. *See Marple Gardens, Inc. v. Zoning Board of Adjustment,* 8 Pa. Commonwealth Ct. 436, 303 A.2d 239 (1973). The Board here denied the variance because it considered, *inter alia,* that the hardship imposed on the property was self-inflicted by the owner.

The record indicates that the appellant formerly owned two lots which abut his property. These two lots together with the parcel in question would have constituted sufficient area to comply with the requirements of the zoning ordinance. The appellant, however, conveyed these lots to an abutting property owner some time prior to the variance application. The Board and lower court concluded that, in choosing to convey the two lots to the abutting property owner, the appellant created its own hardship. We agree. In *Volpe Appeal,* 384 Pa. 374, 121 A.2d 97 (1956), our Supreme Court was confronted with a similar set of circumstances. In *Volpe,* the applicant subdivided his property into two plots and sold the one which contained the minimum area required by the applicable zoning ordinance. His application for a variance to

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

build on the remaining undersized lot was denied on the basis that the undersized lot was his own creation because he had started with a tract which conformed to the zoning ordinance's dimensional requirements. The Supreme Court sustained the denial of the variance on the ground that the hardship was self-inflicted. Similarly, the appellant here owned a tract of land consisting of several undersized lots which together satisfied the zoning ordinance's requirements. The appellant chose to convey two lots which resulted in the remaining portion being nonconforming in area. We believe that the resulting hardship can properly be considered self-inflicted. *See Zoning Hearing Board v. Petrosky,* 26 Pa. Commonwealth Ct. 614, 365 A.2d 184 (1976).

The order of the Board is affirmed.

ORDER

AND Now, this 18th day of October, 1978, the order of the Court of Common Pleas of Montgomery County, docketed at 75-11510 and dated March 4, 1976, affirming the denial of a variance or special exception by the Zoning Hearing Board of Upper Merion Township, is hereby affirmed.