[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a February 7, 1990 decision of the Providence Zoning Board of Review (hereinafter "Board"). The plaintiffs in this matter seek a reversal of the Board's decision to deny the plaintiffs' request for a variance. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) §45-24-20.
Harry and Beverly Kashmanian (hereinafter "plaintiffs") are the owners of lot 423 on Assessor's Plat 117. (Transcript at 1). Lot 423 consists of real estate located at 482-484 Pleasant Valley Parkway and 37 View Street. (Transcript at 1). This property is in a Residence R-2 Zone. (Transcript at 1).
The plaintiffs have owned lot 423 for about twenty-five (25) years. (Transcript at 2). The lot is a rectangular piece of property which measures approximately nine thousand (9000) square feet and borders both Pleasant Valley Parkway and View Street. Although a two family house exists on the Pleasant Valley Parkway side of the lot, the View Street portion of the property is undeveloped. (See Transcript at 4; Plaintiff's Exhibit No. 4).
The plaintiffs therefore desired to construct a single family home on the View Street land. (Transcript at 1-3). Their plan was to divide lot 423 into two smaller lots. (Plaintiffs' Application for Exception or Variation at 2). One proposed lot would measure 5,000 square feet and would contain the existing two-family home. The other proposed lot would only consist of 4,000 square feet and would be the site of the contemplated single family home. (Plaintiffs' Application for Exception or Variation at 2). Unfortunately for the plaintiffs, the minimum permissible lot size in an R-2 zone is 5,000 square feet. The City of ProvidenceZoning Ordinance, Art. I, § 101.1 (1992).
As a result, the plaintiffs sought to obtain relief from the Providence Zoning Ordinance's lot size requirement. On September 29, 1989 they applied to the Board for a "Viti Variance." (Plaintiffs' Application for Exception or Variation at 2). An advertised public hearing was held on December 18, 1989. (Transcript at 1). At the meeting, the Board made the following findings based upon the plaintiffs' application and the testimony presented:
 1.) The applicants have not established that they would lose all beneficial use of the property if this petition were denied.
 2) The applicants' proposal is to create a substandard size lot having 4,000 square feet. This lot would be 1,000 square feet short of the requirements for R-2 zoning. Creation of a non-conforming lot in this instance, clearly, is inconsistent with the spirit of the Ordinance.
 3) The applicants have produced no evidence showing that all beneficial use of the property will be lost to prove a variance, nor have the applicants shown that the public interest, welfare and convenience would be served by granting the petition on the basis of special exception.
(Resolution No. 7160). The Board, in turn, denied the plaintiffs' request for relief from the lot size requirements of the Providence Zoning Ordinance. (Resolution No. 7160). In response, the plaintiffs filed the instant appeal.
Pursuant to Rhode Island General Laws § 45-24-20(d), the Superior Court possesses appellate jurisdiction to review zoning board decisions. Section 45-24-20(d) provides in pertinent part:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
In reviewing a zoning board decision, the Superior Court may neither substitute its judgment for that of the zoning board nor examine the weight of the evidence. Salve Regina v. Zoning Boardof Review, 594 A.2d 878, 880 (R.I. 1991). Rather, the court "must examine the entire record to determine whether `substantial' evidence exists to support the board's findings."DeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). This requisite "substantial evidence" is defined "as more than a scintilla but less than a preponderance." Apostolou v. Genovesi, 388 A.2d 821, 824 (R.I. 1978). Where the court is able to satisfy itself from the record that a zoning board's decision was either correct or erroneous, the decision will be sustained in the interests of avoiding delay and inconvenience. See Richards v. Zoning Bd. of Providence,100 R.I. 212, 219-20, 213 A.2d 814, 818 (1965).
Notwithstanding these rules, a zoning board's determinations of law are not binding on the reviewing court. See Gott v.Norberg, 417 A.2d 1352, 1361 (R.I. 1980) (deciding that tax administrator's determinations of law are not binding on reviewing court). Rather, "[q]uestions of law . . . may be reviewed to determine what the law is and its applicability to the facts." Carmody v. Rhode Island Conflict of Interest,
509 A.2d 452, 458 (R.I. 1986) (quoting Narragansett Wire Co. v.Norberg, 376 A.2d 1, 6 (R.I. 1977)).
Applicants who seek relief before a zoning board of review have the burden of fulfilling the prerequisites to relief from the relevant zoning ordinance. DiIorio v. Zoning Bd. of Review,252 A.2d 350, 353 (R.I. 1969). To decide whether an applicant sustained his or her burden of proof, it is necessary to ascertain the proper standard of proof with respect to the relief sought. Gara Realty v. Zoning Bd. of Review, 523 A.2d 855, 857 (R.I. 1987). In this case, the plaintiffs argue that the Board applied the improper standard — that of a "true" variance — in determining the plaintiffs' entitlement to relief from the lot-size requirements of the Providence Zoning Ordinance. After a full review of the record, the Court finds that the Board did incorrectly apply the "true" variance standard to the instant application.
Generally, three forms of relief exist: a "true" variance, a deviation (Viti variance), and an exception. Bamber v. ZoningBd. of Review, 591 A.2d 1220, 1223 (R.I. 1991). "A "true" variance is relief to use land for a use not permitted under the applicable zoning ordinance." Id. "A deviation is relief from restrictions governing a permitted use. . . ." Id. Finally, since relief from the R-2 zone's lot size requirements is not expressly provided for in the Providence Zoning Ordinance, the third enumerated type of relief, an exception, is inapplicable to this case. C.f. id. at 1223 (defining exception as relief expressly allowed by zoning ordinance).
In Rozes v. Smith, the Rhode Island Supreme Court propounded that "some doubt" existed as to whether relief from minimum lot-size requirements is a "true" variance or a deviation. 120 R.I. 515, 519-20, 388 A.2d 816 (1978). Subsequently, noting that a deviation's applicability to relief from minimum lot-size restrictions has been unclear, the Court held that when an applicant pursues relief from lot-size requirements, he or she seeks a deviation. Felicio v. Fleury,557 A.2d 480, 482-83 (R.I. 1989). Although the Board should therefore have applied the standard of proof pertaining to a request for a deviation, a review of the entire record indicates the Board's decision did not prejudice any substantial rights of the plaintiffs and is supported by reliable, probative and substantial evidence in the record.
In denying the petition, the Board found that the plaintiffs' proposal to create a substandard lot encompassing only 4,000 square feet was "clearly . . . inconsistent with the spirit of the zoning ordinance." (Resolution No. 7160). Indeed, the Providence Zoning Ordinance forbids an existing lot from being "reduced or diminished except in conformance with the [ordinance's] dimensional requirements." The City of ProvidenceZoning Ordinance, Art. I, § 105.3 (1992). In an R2-zone, the minimum buildable lot size is 5,000 square feet. Id. at Art. I, § 101.1. A subdivision which produces a lot smaller than 5,000 square feet therefore would not conform to the zoning ordinance.See also id. at Art. III, § 304.1 (Prohibiting subdivision into lots containing less than 5,000 square feet each). Moreover, the ordinance's "merger" provision requires the merger of adjacent lots where one of the lots is less than 4,000 square feet and the lots are under the same ownership. Id. at Art. I, § 204.2. The presence of such a merger provision manifests a legislative intent to avoid the perpetuation of substandard lots.
The axiom against relieving landowners from self-imposed hardship also staunchly militates against granting the plaintiffs' petition. Where the division of a parcel of property leaves part of the property in non-conformity with minimum lot-size restrictions, landowners simply are not entitled to relief from the applicable zoning ordinance in order to develop the substandard lot. Generally, under such circumstances, the landowner's hardship is considered self-imposed. 3 Rathkopf, TheLaw of Zoning and Planning § 38.06[1] (1989). Many courts hold in turn that the landowner is not entitled to relief, for the hardship is not produced by the township. See, e.g., Johnson v.Township of Robinson, 359 N.W.2d 526, 23 (1984); Zoning HearingBoard, Etc. v. Petrosky, 365 A.2d 184, 185 (Pa. Cmwlth 1976),vacated on other grounds, 402 A.2d 1385 (1979).
The Rhode Island Supreme Court is clearly in conformity with such authorities. In Rozes, the Court stated:
 Even in those situations where relief from minimum lot-size restrictions is considered as an area deviation rather than a true variance, there is general agreement that "[a]n area variance may not be granted to solve the problem of an applicant . . . who wishes to subdivide a lot to create both a standard and a substandard lot."
120 R.I. at 521 (quoting 3 Anderson, American Law of Zoning, § 18.57 at 299-300 (2d ed. 1977)) (emphasis added). The Court reaffirmed this position as recently as 1991. See Sawyer v.Cozzolino, 595 A.2d 242, 247 (R.I. 1991) (quoting Rozes v. Smith
and finding that an area variance "may not be granted to solve the problem of an applicant who subdivided his land").
In this case, lot 423 is approximately 9,000 square feet, so it currently exceeds the minimum lot-area requirements by around 4,000 square feet. (Transcript at 2; Plaintiff's Application for Exception or Variance at 2). The lot is developed by a two-family house. (Transcript at 4; Plaintiff's Exhibit No. 4). In spite of this beneficial use of the property, the plaintiffs seek to divide the land, retain both a 5,000 square foot standard lot and a 4,000 square foot substandard lot, and use the substandard lots' attendant hardship as grounds for a deviation. As the Board properly concluded, the plaintiffs' proposal to create this substandard size lot clearly conflicts with the Providence Zoning Ordinance which prohibits a subdivision resulting in the birth of a lot smaller than 5,000 square feet. The City of ProvidenceZoning Ordinance, Art. III, § 304.1; (Resolution No. 7160). According to the record, moreover, plaintiffs' proposal falls squarely within the holding of Rozes v. Smith and is thus impermissible under established Rhode Island law. See 120 R.I. at 521.
After a review of the whole record, the Court finds that the Board's decision is supported by reliable, substantial and probative evidence contained in the record and does not prejudice the rights of the appellants. Accordingly, the February 7, 1990 decision of the Providence Zoning Board of Review is hereby affirmed.